**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRANDON MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13644** |
| **S.W. "SANDY" MCCAIN, WARDEN** | **SECTION "G"(4)** |

**ORDER AND REASONS**

Before the Court are Petitioner Brandon Moore's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Also pending before the Court is Petitioner's Motion to Amend.[3] Petitioner, a state prisoner incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[4] The Magistrate Judge recommended that this Court dismiss the petition with prejudice because it was not timely filed.[5] Petitioner objects to the Magistrate Judge's recommendation.[6] After reviewing the petition, the Motion to Amend, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, denies the Motion to Amend, and dismisses this action with prejudice.

[1] Rec. Doc. 21.

[2] Rec. Doc. 17.

[3] Rec. Doc. 23.

[4] Rec. Doc. 4.

[5] Rec. Doc. 17.

[6] Rec. Doc. 21.

## I. Background

### A. *Factual Background*

On January 9, 2014, Petitioner was charged by Bill of Information in the Orleans Parish Criminal District Court under Case Number 518766 with one count of sexual battery upon H.J. and one count of aggravated incest upon H.J.[7] On April 24, 2014, Petitioner was charged by separate Bill of Information in the Orleans Parish Criminal District Court under Case Number 520013 with indecent behavior with a juvenile, K.W.[8] Petitioner originally entered pleas of not guilty to the charges in both cases.[9] However, on November 17, 2014, Petitioner withdrew his not guilty pleas and entered guilty pleas in both cases.[10]

On December 16, 2014, the state trial court sentenced Petitioner in Case Number 518766 to 10 years in prison for the sexual battery conviction without benefit of parole, probation, or suspension of sentence, and 20 years in prison at hard labor for the aggravated incest conviction.[11] That same day, in Case Number 520013, Petitioner was sentenced to seven years in prison for the indecent behavior with a juvenile conviction.[12] All of the terms of imprisonment were ordered to run concurrently. Petitioner did not appeal his convictions or sentences.

---

[7] State Rec., Vol. I of II, Bill of Information, Case No. 518766, Jan. 9, 2014.

[8] State Rec., Vol. I of II, Bill of Information, Case No. 520013, Apr. 24, 2014.

[9] State Rec., Vol. I of II, Minute Entry, Case No. 518766, Feb. 25, 2014; Minute Entry, Case No. 520013, Jul. 6, 2014.

[10] State Rec., Vol. I of II, Minute Entry, Case No. 518766, Nov. 17, 2014; Minute Entry, Case No. 520013, Nov. 17, 2014.

[11] State Rec., Vol. I of II, Minute Entry, Case No. 518766, Dec. 16, 2014.

[12] State Rec., Vol. I of II, Minute Entry, Case No. 520013, Dec. 16, 2014.

On September 22, 2016, Petitioner submitted a motion to the state trial court under both case numbers requesting an out-of-time appeal.[13] Initially, no action was taken on the motion which was not presented to the state trial judge by the clerk of that court until September 7, 2018.[14] The state trial court denied the motion on October 10, 2019,[15] and the Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application on December 16, 2019.[16]

On August 15, 2016, Petitioner filed a post-conviction relief application in the state trial court,[17] which was denied on August 24, 2016.[18] Petitioner did not seek review of this ruling.

In May of 2017, Petitioner submitted a motion to quash the bill of information in Case No. 518766.[19] On July 7, 2017, the state trial court denied the motion as meritless.[20] On August 17, 2017, the Louisiana Fourth Circuit denied Petitioner's related writ application.[21] The Louisiana Supreme Court denied Petitioner's subsequent writ application on November 5, 2018, finding that the application was untimely under Louisiana Code of Criminal Procedure article 930.8.[22]

---

[13] State Rec., Vol. I of II, Motion for Out-of-Time Appeal, Sept. 23, 2016.

[14] State Rec., Vol. I of II, Clerk's Letter to Louisiana Supreme Court Central Staff, Sept. 7, 2018.

[15] *See* Rec. Doc. 23.

[16] *State v. Moore*, 2019-K-1043 (La. App. 4 Cir. 12/16/19).

[17] State Rec., Vol. I of II, Docket Entry, Aug. 15, 2016.

[18] State Rec., Vol. I of II, Court Order, Aug. 24, 2016.

[19] State Rec., Vol. II of II, Motion to Quash, Case No. 518766, Jun. 9, 2017.

[20] State Rec., Vol. I of II, Court Order, Case No. 518766, Jul. 7, 2017.

[21] State Rec., Vol. II of II, 4th Cir. Order, 2017-K-0653, Aug. 17, 2017.

[22] *State ex rel. Moore v. State*, 2017-KH-15851 (La. 11/5/18); 255 So. 3d 1040.

On May 22, 2018, Petitioner filed a motion in the state trial court seeking to enforce the sentencing agreement as to his good-time eligibility.[23] On June 25, 2018, the state trial court denied relief as meritless.[24] On August 8, 2018, the Louisiana Fourth Circuit denied Petitioner's related writ application finding that the application was untimely and unsubstantiated.[25] On May 6, 2019, the Louisiana Supreme Court also denied Petitioner's writ application noting that Petitioner had already exhausted his right to state collateral review.[26]

On January 9, 2019, after correction of certain deficiencies, the Clerk of this Court accepted for filing Petitioner's federal habeas corpus relief application.[27] The petition raises the following claims for relief: (1) ineffective assistance of counsel and (2) the state court erred by summarily dismissing his state post-conviction motions without providing him with necessary documents to prove his claims.[28] On May 15, 2019, the State filed a response asserting that the petition should be dismissed as it was not timely filed.[29] On July 25, 2019, the Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[30] On August 19, 2019,

---

[23] State Rec., Vol. I of II, Motion to Enforce Sentencing Agreement, May 25, 2018.

[24] State Rec., Vol. II of II, Court Order, Jun. 25, 2018.

[25] State Rec., Vol. II of II, 4th Cir. Order, 2018-K-0644, Aug. 8, 2018.

[26] *State v. Moore*, 2018-KH-1443 (La. 5/6/19); 270 So. 3d 580.

[27] Rec. Doc. 4.

[28] *Id.*

[29] Rec. Doc. 16.

[30] Rec. Doc. 17.

Petitioner filed objections to the Magistrate Judge's recommendation.[31] On November 25, 2019, Petitioner filed a Motion to Amend the Petition.[32]

### *B. Report and Recommendation Findings*

The Magistrate Judge recommends that the petition be dismissed with prejudice as it was not timely filed.[33] The Magistrate Judge noted that under Subsection A of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[34] The Magistrate Judge determined that Petitioner's conviction became final on January 15, 2015, thirty days after his sentencing, because he did not seek reconsideration of the sentences or move for leave to appeal.[35] As such, Petitioner was required to file his federal habeas corpus petition by January 15, 2016, unless the statute of limitations was extended through tolling.[36]

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."[37] Petitioner had no such applications pending before the state courts at any time during the applicable federal one-year

[31] Rec. Doc. 21.

[32] Rec. Doc. 11.

[33] Rec. Doc. 17.

[34] *Id*. at 8.

[35] *Id*. at 5, 8.

[36] *Id.* at 8.

[37] *Id*. at 9 (quoting 28 U.S.C. § 2244(d)(2)).

limitations period.[38] Therefore, the Magistrate Judge found that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).[39]

Next, the Magistrate Judge considered whether Petitioner was entitled to equitable tolling.[40] The Magistrate Judge noted that the Supreme Court has held that the AEDPA's statute of limitations may be equitably tolled where the Petitioner shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[41] The Magistrate Judge found that Petitioner had not shown that any "extraordinary circumstance" had prevented him from filing his federal application within the one-year limitations period, and thus he was not entitled to equitable tolling.[42]

Next, the Magistrate Judge considered whether Petitioner was able to overcome the AEDPA's statute of limitations by way of a claim of actual innocence.[43] The Magistrate Judge noted that a habeas petitioner could overcome a procedural bar to consideration of the merits of their claims by making a "credible showing of actual innocence."[44] The Magistrate Judge observed that Petitioner pleaded guilty to the offenses he now challenges in this federal habeas petition.[45] Therefore, the Magistrate Judge determined that an actual innocence exception did not apply to

---

[38] *Id*. at 10–11.

[39] *Id.* at 11.

[40] *Id.*

[41] *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[42] *Id*. at 11–12.

[43] *Id.* at 12.

[44] *Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

[45] *Id.* at 13.

excuse Petitioner's untimely filing of this federal petition.[46]

Finally, the Magistrate Judge addressed Petitioner's argument that the ineffective assistance of counsel during his plea proceedings permit this Court to consider his claims despite his untimely pursuit of post-conviction relief.[47] The Magistrate Judge found that the United States Supreme Court's holdings in *Martinez v. Ryan*[48] and *Trevino v. Thaler*[49] do not provide a basis for review of an untimely filed federal petition.[50] Therefore, the Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[51]

## II. Objections

### *A. Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[52] First, Petitioner argues that he has a constitutional right to appeal his convictions, but his attorney failed to file a notice of appeal.[53] Petitioner asserts that the deliberate bypass rule should be applied and the State should bear the burden of showing that Petitioner's "procedural default was an 'intentional relinquishment or abandonment of a known right or privilege.'"[54] Additionally, Petitioner argues that this Court should consider the merits of his claims, despite the fact that the

---

[46] *Id.*

[47] *Id.* at 14.

[48] 566 U.S. 1 (2012).

[49] 569 U.S. 413 (2013).

[50] Rec. Doc. 17 at 14.

[51] *Id.* at 15.

[52] Rec. Doc. 21.

[53] *Id.* at 1–2.

[54] *Id.* at 4 (quoting *Fay v. Noia*, 372 U.S. 391, 426–434 (1963)).

petition was not timely filed, because he received ineffective assistance of counsel during his plea proceedings.[55] Petitioner asserts that the United States Supreme Court's holdings in *Martinez v. Ryan*[56] and *Trevino v. Thaler*[57] provide a basis for review of the untimely petition.[58] Therefore, Petitioner argues that the Report and Recommendation should be overruled, and the Court should consider the merits of the claims raised in this federal habeas petition.[59]

### *B. Motion to Amend*

In the motion to amend, Petitioner asserts that the state court denied his motion to file an out of time appeal.[60] Petitioner moves this Court to vacate the state court judgment and grant him leave to file an out of time appeal.[61]

### *C. The State's Opposition*

Despite receiving electronic notice of the filings, the State of Louisiana did not file a response to Petitioner's objection or the motion to amend.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[62] The District Judge must

---

[55] *Id.* at 6, 9.

[56] 566 U.S. 1 (2012).

[57] 569 U.S. 413 (2013).

[58] Rec. Doc. 21 at 9–11.

[59] *Id.* at 14.

[60] Rec. Doc. 23 at 1.

[61] *Id.*

[62] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[63] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[64]

## IV. Law and Analysis

### *A. AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[65]

The Magistrate Judge applied the limitation period established by Subsection A. Petitioner does not object to this determination or argue that any other subsection should apply. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to application of other subsections.

---

[63] Fed. R. Civ. P. 72(b)(3).

[64] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[65] 28 U.S.C. § 2244(d)(1).

### *B. Timeliness Under Subsection A*

The Magistrate Judge found that the conviction became final on January 15, 2015, thirty days after he was sentenced by the state trial court, when the time expired to seek reconsideration or file a direct appeal.[66] Petitioner does not object to this determination or argue that his conviction became final on any other date.[67] Accordingly, the Court reviews this issue for plain error.

Applying Subsection A, the United States Fifth Circuit Court of Appeal has explained that "[w]hen a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[68] However, "[i]f the defendant stops the appeal process before that point . . . the conviction becomes final when the time for seeking further direct review in the state court expires."[69] On December 16, 2014, the state trial court sentenced Petitioner in Case Numbers 518766 and 520013.[70] Under Louisiana law, Petitioner had thirty days to seek reconsideration or move to appeal his sentences.[71] Therefore, Petitioner's conviction became final on January 15, 2015, when the time for seeking direct review in state court expired. Accordingly, Petitioner had until January 15, 2016, to file his federal habeas petition unless he can establish entitlement to tolling.[72]

---

[66] Rec. Doc. 17 at 5, 8.

[67] Rec. Doc. 21.

[68] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (internal citations omitted).

[69] *Id.* (internal citations omitted).

[70] State Rec., Vol. I of II, Minute Entry, Case No. 518766, Dec. 16, 2014; State Rec., Vol. I of II, Minute Entry, Case No. 520013, Dec. 16, 2014.

[71] La. Code Crim. P. art. 914.

[72] In *Jimenez v. Quarterman*, the Supreme Court held "that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 555 U.S. 113, 121 (2009). On

**1. Statutory Tolling**

The Magistrate Judge found that Petitioner is not entitled to statutory tolling.[73] Petitioner does not object to this determination.[74] Accordingly, the Court reviews for plain error.

The AEDPA provides for statutory tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[75] The statute of limitations period began to run on January 16, 2015, and it ran without interruption until its expiration on January 15, 2016. Petitioner did not file a state application for post-conviction relief until August 15, 2016,[76] which is after the one-year statute of limitations period had already expired. Therefore, that application and any subsequent applications do not afford him any tolling benefit. Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to statutory tolling.

---

September 22, 2016, Petitioner submitted a motion to the state trial court under both case numbers requesting an out-of-time appeal. State Rec., Vol. I of II, Motion for Out-of-Time Appeal, Sept. 23, 2016. Initially, no action was taken on the motion which was not presented to the state trial judge by the clerk of that court until September 7, 2018. State Rec., Vol. I of II, Clerk's Letter to Louisiana Supreme Court Central Staff, Sept. 7, 2018. The state trial court denied the motion on October 10, 2019, and the Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application on December 16, 2019. State Rec., Vol. I of II, Clerk's Letter to Louisiana Supreme Court Central Staff, Sept. 7, 2018.

[73] Rec. Doc. 17 at 9–10.

[74] Rec. Doc. 21.

[75] 28 U.S.C. § 2255(d)(2).

[76] State Rec., Vol. I of II, Docket Entry, Aug. 15, 2016.

**2. Equitable Tolling**

The Magistrate Judge found that Petitioner is not entitled to equitable tolling.[77] Petitioner does not object to this determination.[78] Accordingly, the Court reviews for plain error.

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may be subject to equitable tolling.[79] To establish entitlement to equitable tolling, a petitioner must show that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."[80] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[81]

Petitioner has not shown that any extraordinary circumstance prevented him from filing his petition within the limitations period. Accordingly, Petitioner has not demonstrated that he is entitled to equitable tolling.

**3. Actual Innocence**

The Magistrate Judge found that Petitioner could not overcome the statute of limitations by making a "convincing claim of actual innocence under *McQuiggin v. Perkins*."[82] Petitioner does not object to this determination.[83] Accordingly, the Court reviews for plain error.

---

[77] Rec. Doc. 17 at 11–12.

[78] Rec. Doc. 21.

[79] *Holland*, 560 U.S. at 645.

[80] *Id.* at 649 (internal citations and quotation marks omitted).

[81] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[82] Rec. Doc. 17 at 12–14 (citing *McQuiggin*, 569 U.S. at 383).

[83] Rec. Doc. 21.

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[84] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[85] The Supreme Court has explained:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[86]

Petitioner does not argue that he is actually innocent of the crime for which he was convicted, nor does he present any new evidence to establish his innocence. Therefore, Petitioner has not established that the "actual innocence" exception is applicable here.

***C. Applicability of Martinez v. Ryan and Trevino v. Thaler***

Finally, Petitioner asserts that the United States Supreme Court's holdings in *Martinez v. Ryan*[87] and *Trevino v. Thaler*[88] provide a basis for review of the untimely petition.[89] However, his reliance on these cases is misplaced because both holdings relate to procedural default. A *habeas corpus* claim may not be reviewed in federal court "if the last state court to consider that claim

---

[84] *McQuiggin*, 569 U.S.at 386.

[85] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[86] *Schlup*, 513 U.S. at 329.

[87] 566 U.S. 1 (2012).

[88] 569 U.S. 413 (2013).

[89] Rec. Doc. 21 at 9–11.

expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[90] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[91] "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[92] A showing of ineffective assistance of counsel may be one such external factor.[93]

In *Martinez v. Ryan*, the Supreme Court held that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.[94] In *Trevino v. Thaler*, the Supreme Court held that *Martinez* applies where "the [state] procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal."[95] In the instant case, Petitioner's claims are untimely. Therefore, procedural default is not at issue. The *Martinez* and *Trevino* decisions do not address or provide an exception to excuse the untimely filing of a federal habeas petition.[96] Therefore, the Court finds

[90] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[91] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[92] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[93] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[94] 566 U.S. 1 (2012).

[95] 569 U.S. 413 (2013).

[96] See *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

Petitioner's arguments without merit. Accordingly, the petition is untimely and must be dismissed with prejudice.

***D. Motion to Amend***

Finally, in the motion to amend, Petitioner asserts that the state court denied his motion to file an out of time appeal.[97] Petitioner moves this Court to vacate the state court judgment and grant him leave to file an out of time appeal.[98] To the extent that Petitioner argues that the state trial court wrongly interpreted state law in denying the out of time appeal, such a claim is not cognizable on federal habeas review.[99] Accordingly, Petitioner has not demonstrated that he is entitled to federal habeas relief on this issue.

---

[97] Rec. Doc. 23 at 1.

[98] *Id.*

[99] *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 712 (5th Cir. 1986) (quoting *Nelson v. Estelle*, 642 F.2d 903, 905–06 (5th Cir. 1981) ("The simple fact is that 'habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure.'").

## V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Brandon Moore's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend[100] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 2nd day of July, 2020.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[100] Rec. Doc. 23.